**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

ANGELO PERRY,                                  :
                                               :
        Petitioner                             :
                                               :
                                               :
v.                                             :        CASE NO.: 1:92-CR-1 (WLS)
                                               :
UNITED STATES OF AMERICA,                      :
                                               :
        Respondent.                            :
_____:

## ORDER

Before the Court are Petitioner Angelo Perry's Motion for Leave to File Petition for Writ of Error Coram Nobis (Doc. 384) and Motion for Reconsideration, or in the Alternative, Motion for Leave to File a Second Amended Petition (Doc. 387).

## PROCEDURAL BACKGROUND

Since his July 7, 1993 guilty plea, Perry has tirelessly and frivolously attempted to vacate his conviction. The Court summarized these attempts in its October 9, 2012 Order:

> On April 3, 1995, he filed a Motion to Vacate under 28 U.S.C. § 2255, wherein he alleged that his guilty plea was unknowing and involuntary, in part because prosecutors allegedly obtained evidence and a confession through unconstitutional means. (Doc. 99.) The Court denied that motion on May 4, 1995. (Doc. 109.) Petitioner appealed that decision. (Docs. 110, 143.)
>
> After the Eleventh Circuit affirmed the Court's judgment, Petitioner filed a second Motion to Vacate under 28 U.S.C. § 2255 on June 26, 1997. (Doc. 144.) This motion was dismissed as successive. (Docs. 144, 155). Petitioner appealed that judgment. (Docs. 148.)

During the pendency of that appeal, Petitioner filed a third Motion to Vacate, which he styled as a Motion to Dismiss State-Federal Indictment. (Doc. 160.) The Court dismissed that motion (Doc. 160), and Petitioner filed a Motion for Reconsideration (Doc. 167). That motion was denied (Doc. 174), and Petitioner then filed a Motion to Produce Statement of Reasons on the denial of his motion to dismiss (Doc. 177.) Then, Petitioner moved again to dismiss the indictment for lack of subject matter jurisdiction (Doc. 178), which the Court denied (Doc. 183.) He again moved for a Statement of Reasons on the denial. (Doc. 184.) On September 20, 1999, the Eleventh Circuit denied Petitioner's Petition for a Writ of Mandamus. (Doc. 187.)

On January 25, 2000, Petition filed a Writ of Error Coram Nobis, in which he raised claims under the due process clause, the Sixth Amendment, the Fourth Amendment, the Tenth Amendment, and the Federal Rules of Criminal Procedure. (Doc. 189.) The Court denied the motion on April 4, 2000. (Docs. 199, 200). Petitioner filed a Motion for Reconsideration of that order. (Doc. 202). Several days later, he filed another Motion to Vacate under 28 U.S.C. § 2255. (Doc. 203.) Before the Court ruled on that motion, he filed a Motion to Dismiss Indictment. (Doc. 212.) The Court denied his motion to vacate on July 11, 2000 (Doc. 214), and his Motion to Dismiss Indictment on August 28, 2000. (Doc. 216.)

On August 8, 2001, Petitioner filed another Motion to Vacate under 28 U.S.C. § 2255. (Doc. 217.)  The Court denied that motion on August 23, 2001, and explicitly warned Petitioner that he could no longer file motions to vacate without leave of the Eleventh Circuit. (Doc. 218.) The Eleventh Circuit denied another mandamus petition on May 31, 2001. (Doc. 222.) After that, Petitioner moved for leave to file another motion to vacate. (Doc.   223.) This was denied. (Doc. 217.) The Eleventh Circuit again denied applications for leave to file successive motions on November 21, 2002 and January 29, 2003. (Docs. 233, 234.)

In October 2003, Petitioner filed a Motion for Relief from Judgment. (Doc. 239.) He then filed a Motion for Summary Judgment in March 2004. (Doc. 243.) After the Court denied his motion for relief, he filed a Motion for Reconsideration. (Doc. 245.) He then filed a motion to Dismiss Indictment on April 2, 2004. (Doc. 246.) After those motions were denied, he once again moved to dismiss his indictment. (Doc. 249.)

On December 1, 2004, Petitioner filed a Motion for Relief from Judgment. (Doc. 255.) This motion was denied on March 28, 2005. (Doc. 277.) Petitioner appealed that order on June 6, 2005. (Doc. 279.) On March 8, 2006, he filed another Motion to Set Aside Judgment. (Doc. 289.) This motion was also denied. (Doc. 301.)

On September 26, 2011, Petitioner filed a Petition for Writ of Error Coram Nobis. (Doc. 355.) Therein, Petitioner challenged "errors of fact" in his conviction. (*Id.*) He claimed that these "errors" arose from the fact that the prosecution misled the Court into believing that DEA agents seized evidence that implicated Petitioner, when in reality the Dougherty County police arrested him. (*Id.*) Petitioner argued that the government "unlawfully removed" evidence from the state's jurisdiction, and that, therefore, the Court did not have personal and subject-matter jurisdiction over his case. (*Id.*) The Court dismissed the petition on April 11, 2012.

On April 25, 2012, Petitioner appealed that Order to the Eleventh Circuit. (Doc. 372.)

(Doc. 381 at 1–3.) Since the Court's October 9, 2012 Order, the Eleventh Circuit dismissed Perry's most recent appeal for want of prosecution. (Doc. 386.) While that appeal was pending, Perry filed another Petition for Writ of Error Coram Nobis (Doc. 377), which the Court denied in the aforementioned Order. (Doc. 381.)

Perry filed the instant petition for a writ of error coram nobis on the same day he appeared for a show cause hearing on whether his abusive behavior required an injunction. (*See* Docs. 384, 385.) About a month and a half later, he also filed a motion for reconsideration. (Doc. 387.)

## DISCUSSION

Once again, Perry moves for a writ of error coram nobis. In a frivolity review of Perry's appeal from this Court's previous denial of his petition for writ of error coram nobis, United States Circuit Judge Beverly Martin said:

> In criminal matters, federal courts have authority to issue a writ of error *coram nobis* under the All Writs Act. *See* U.S.C. § 1651(a). However, the writ of error *coram nobis* is an extraordinary remedy of last resort, available only in compelling circumstances where necessary to achieve justice. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). In other words, such a "writ is appropriate only when there is and was no other available avenue of relief." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).
>
> Here, the district court did not abuse its discretion in declining to issue a writ of error *coram nobis*, as Perry had other avenues of relief previously available to him. *See id.* Indeed, Perry took full advantage of these avenues while imprisoned. That he was not successful in these pursuits does not satisfy the extraordinary circumstances required for *coram nobis* relief.

(Doc. 382.) As Judge Martin succinctly stated, the writ of error coram nobis is an extraordinary remedy. Nothing has changed since Perry's previous petitions. And because Perry pursued other avenues of relief, the instant petition for writ of error coram nobis must be denied like its predecessors.

Furthermore, although it is unclear what Perry wants the Court to reconsider, his motion falls nearly three months after the Court's most recent order. (*See* Docket.) Under this Court's local rules, Motions for Reconsideration must be filed within fourteen days of the entry of an order or judgment. M.D. Ga. L.R. 7.6 Accordingly, Perry's Motion for Reconsideration is untimely and must also be denied.

## CONCLUSION

For those reasons, Perry's motions (Docs. 384, 386) are **DENIED**.

**SO ORDERED**, this ___3rd___ day of April 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**